UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VEDRICK L. SYMONETTE,

           Petitioner,

v.                                    Case No. 3:05-cv-1306-J-12MMH

JAMES R. MCDONOUGH,[1]
et al.,

           Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Vedrick L. Symonette, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) and "Petition for Writ of Habeas Corpus 2254 Fundamental Error" (Doc. #2) pursuant to 28 U.S.C. § 2254 on December 14, 2004.[2] Petitioner challenges a 1997 state court (Orange County, Florida) judgment of conviction for trafficking in 400 grams or

---

[1] James R. McDonough, the Secretary of the Florida Department of Corrections, is substituted as a proper party Respondent.

[2] The Petition (Doc. #1) was filed in this Court on December 14, 2004; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (November 29, 2004). See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

more of cocaine and carrying a concealed firearm on the following grounds: (1) Petitioner's constitutional rights were violated because the State failed to prove beyond a reasonable doubt to the jury that Petitioner was guilty of every element charged against him in the Information for count one (trafficking in cocaine), and (2) the trial court illegally sentenced Petitioner above the statutory maximum guidelines sentence.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

>> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Second Amended Response to Petition (Doc. #10) (hereinafter Response). In support of their contentions, they have submitted exhibits.[3] Petitioner was given admonitions and a time frame to respond to the Response. See Court's Order (Doc. #12). Petitioner has responded to Respondents' contentions. Petitioner's Response to Respondents' Response (Doc. #11); Petitioner's Notice of Petitioner's Filed Response (Doc. #13).

Petitioner Symonette was charged by Information with trafficking in 400 grams or more of cocaine (count one) and carrying a concealed firearm (count two). Ex. A at 57. Petitioner

---

[3] The Court will hereinafter refer to Respondents' exhibits as "Ex."

3

pled nolo contendere to the concealed firearm charge (id. at 97-98), but proceeded to a jury trial on the trafficking charge.

The following facts were adduced at the jury trial. Petitioner was stopped in his rental car by the Florida Highway Patrol for speeding. Petitioner seemed nervous, so the trooper called for backup assistance. The backup officer arrived, and after Petitioner consented to a search of the vehicle, he was placed in the back of the patrol car. The officer retrieved three beakers wrapped in newspaper and a yellow plastic bag containing a substance wrapped in cellophane. The substance tested positive for cocaine and weighed 497.8 grams. Petitioner's fingerprints were found on the yellow plastic bag. Petitioner claimed that the items were not his and he did not know they were there. He testified that the officers must have seized the yellow plastic bag from inside the truck and placed the contraband inside the bag when they collected all of his items from the truck. Petitioner was convicted as charged of trafficking in 400 grams or more of cocaine. Ex. A at 121. The trial court sentenced Petitioner to fifteen years of incarceration for count one and 70.4 months of incarceration for count two, to run concurrently. Id. at 103-07; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).

Petitioner, on appeal, raised the following ground: the trial court erred in refusing Petitioner's request to instruct the jury

4

on the permissive lesser included offenses of delivery of cocaine and attempted trafficking in cocaine. Ex. C. The State filed an Answer Brief, and Petitioner filed a Reply Brief. Ex. D; Ex. E. Petitioner filed a *pro se* "Motion to Amendment to Addition Issues," in which he argued that the search of his vehicle was improper. Ex. F. On October 2, 1998, the appellate court denied the motion. Id. On October 6, 1998, the appellate court per curiam affirmed. Symonette v. State, 725 So.2d 1138 (Fla. 5th DCA 1998); Ex. G. Rehearing was denied on October 25, 1998. Petitioner's "Petition for En Banc Review" was denied on November 25, 1998. Ex. G. The mandate was issued on December 14, 1998. Id.

Petitioner's conviction became final on February 23, 1999 (ninety days after entry of the judgment). See Supreme Court Rule 13.3.[4] This was after the April 24, 1996, effective date of the AEDPA. Therefore, Petitioner had one year from the date his case became final to file the federal petition (February 23, 2000). His Petition, filed in this Court on November 29, 2004, would be untimely unless he could avail himself of one of the statutory provisions which extends or tolls the time period.

The one-year period of limitation ran for over one year (February 24, 1999, through March 27, 2000) until Petitioner filed

---

[4] Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

5

his March 27, 2000, *pro se* motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850.  Ex. H.  He raised four issues for review: (1) counsel was ineffective by advising Petitioner to enter a plea to the charge of carrying a concealed firearm and failing to correct the misstatements of facts by the State during its recitation of the facts for purposes of the plea; (2) counsel was ineffective for failing to file a motion to dismiss the charge of carrying a concealed firearm; (3) counsel was ineffective for not moving to suppress the evidence obtained from underneath the vehicle as being beyond the scope of Petitioner's consent to search and on the basis that there was no probable cause to conduct a search outside the scope of the consent to search the vehicle; and, (4) counsel was ineffective for failing to preserve the trial court's refusal to give an instruction on the lesser charges of delivery of cocaine and attempted trafficking in cocaine.  Id.  The State filed a Response.  Ex. I.

On October 16, 2000, the trial court denied the Rule 3.850 motion.  Ex. J.  On December 19, 2000, the appellate court per curiam affirmed.  Symonette v. State, 781 So.2d 1102 (Fla. 5th DCA 2000); Ex. J.  Petitioner filed a motion for rehearing and motion for en banc rehearing and review, which were both denied by the appellate court on February 8, 2001.  Ex. J.  The mandate was issued on February 26, 2001.  Id.  Petitioner filed a *pro se* petition for review in the Supreme Court of Florida from the

appellate court's opinion; however, the petition was dismissed on March 12, 2001, for lack of jurisdiction. Symonette v. State, 786 So.2d 580 (Fla. 2001); Ex. K.

On or about July 3, 2001, Petitioner filed a *pro se* Petition for Extraordinary Writ of Habeas Corpus in the Supreme Court of Florida, seeking relief based upon the trial court's refusal to instruct the jury on the lesser included offenses of delivery of cocaine and attempted trafficking in cocaine. Ex. L. On October 3, 2001, the Supreme Court of Florida denied the petition as procedurally barred. Id.

On or about July 7, 2003, Petitioner filed a *pro se* petition for writ of habeas corpus in the appellate court, alleging ineffective assistance of appellate counsel on the following grounds: (1) counsel was ineffective for not challenging the trial court's failure to give a Chicone[5] jury instruction, which constituted fundamental error, and (2) counsel was ineffective for not arguing that the trial court's denial of the motion for judgment of acquittal was reversible error. Ex. M. The State filed a response, and Petitioner filed a reply brief. Ex. M; Ex. N. On October 1, 2003, the appellate court denied the petition. Ex. N. On October 22, 2003, Petitioner filed a second petition alleging ineffective assistance of appellate counsel, which was

---

[5] Chicone v. State, 684 So.2d 736 (Fla. 1996).

dismissed *sua sponte* for lack of jurisdiction on October 30, 2003. Ex. O.

On or about October 16, 2003, Petitioner filed a second *pro se* motion for post conviction relief, alleging that Petitioner was entitled to a new trial based upon the Scott[6] decision. Ex. P. On March 10, 2004, the trial court denied the motion. Id. On May 25, 2004, the appellate court per curiam affirmed. Id. The mandate was issued on June 11, 2004. Id.

While the motion for post conviction relief was pending in the trial court, Petitioner filed two more *pro se* habeas corpus petitions in the appellate court (dated October 20, 2003, and November 10, 2003). Ex. Q. On December 22, 2003, the appellate court denied the November 10, 2003, petition. Ex. R. It is unclear when the October 20, 2003, petition was denied. See Response at 7 n.7; Ex. Q.

On January 1, 2004, Petitioner filed another *pro se* habeas corpus petition with the Supreme Court of Florida, again contending that the Scott opinion should be retroactively applied to his case. Ex. S. On March 5, 2004, the Supreme Court of Florida dismissed the petition, finding it was without jurisdiction to consider the petition. Id.

On September 21, 2004, Petitioner filed another *pro se* petition for writ of habeas corpus in the appellate court, alleging

---

[6] Scott v. State, 808 So.2d 166 (Fla. 2002).

that his sentence was illegal pursuant to Blakely v. Washington, 542 U.S. 296 (2004). Ex. T. On October 4, 2004, the appellate court denied the petition. Id. Petitioner filed another petition on October 13, 2004, which the appellate court denied on November 8, 2004. Ex. Q.

On or about July 27, 2004, Petitioner filed a motion for post conviction relief, alleging that his sentences were illegal in light of the Blakely decision. Ex. U. The trial court denied the motion on September 13, 2004. Id. The appellate court per curiam affirmed on November 9, 2004. Ex. V. Additionally, on November 9, 2004, the appellate court issued an order to show cause, noting that Petitioner had filed three Rule 3.850 motions and four habeas corpus petitions and directing Petitioner to show cause why he should not be prohibited from filing any further *pro se* motions. Id. Since no response was received from Petitioner, the appellate court issued an order on January 28, 2005, prohibiting Petitioner from filing any further *pro se* pleadings in the appellate court regarding this case. Id.

Thus, as reflected by the procedural history set forth above, the one-year period of limitation expired on February 23, 2000, and thirty-two (32) days later, Petitioner filed his first Rule 3.850 motion. When post conviction motions are filed after the expiration of the federal limitation period, the motions cannot toll the limitation period because there is no period left. See

9

Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitation period), cert. denied, 534 U.S. 1144 (2002). A state court filing after the federal habeas filing deadline does not revive it. Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.").

Petitioner was given the opportunity to address why the dictates of the one-year limitation period should not be imposed upon him. Petitioner claims that the Court should reach the merits of his claims despite the untimeliness of this action because he is actually innocent. Specifically, Petitioner contends that he is actually innocent of trafficking in 400 grams or more of cocaine because the evidence at trial was insufficient to support the finding of guilty.

To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of Petitioner's showing, the Court stated:

10

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

Thus, this Court finds that Petitioner has not made a showing of actual innocence. After reviewing the entire record before this Court, it is evident that Petitioner has failed to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. Petitioner's contention that the evidence adduced at his trial does not support the conviction is merely Petitioner's attempt to retry the case. The Court finds Petitioner's allegations of actual innocence to be insufficient.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ADJUDGED:**

1. This case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this __26th__ day of October, 2006.

_____
HOWELL W. MELTON
United States District Judge

sc 10/19
c:
Vedrick L. Symonette
Assistant Attorney General (Koller)

12